IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANTONIO WHITLOW                                                                                   PLAINTIFF

v.                                      Civil No. 6:18-CV-06012

MELINDA RAMSEY (Doctor, ORCU))                                                          DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint and Amended Complaints in the Eastern District of Arkansas in January of 2018. (ECF Nos. 1, 2, 3). On January 23, 2018, the case was transferred to this District. (ECF No. 4). On January 25, 2018, Plaintiff was directed to file an *in forma pauperis* application and an Amended Complaint. (ECF Nos. 7, 8). Plaintiff filed his Amended Complaint and his portion of the IFP application on February 2, 2018. (ECF Nos. 9, 10). After several orders, (ECF Nos. 14, 15, 17), the inmate certificate portion of the IFP application was completed by the Arkansas Department of Correction (ADC) and filed on April 11, 2018. (ECF No. 18).

Plaintiff alleges that Defendant Ramsey, a psychologist for the ADC Ouachita River Correctional Unit (ORCU), harassed him while he was incarcerated in the RPU Unit[1] at ORCU. (ECF No. 9). He alleges that he made it quite clear to Defendant Ramsey that he did not wish to participate in "the program" at RPU, and that it was his right to refuse to participate. (ECF No. 9 at 5, 6). Despite this, Plaintiff alleges Defendant Ramsey engaged in voyeurism,[2] and harassment, including sexual harassment, against him. (ECF No. 9 at 4-6).

Plaintiff alleges Defendant Ramsey committed these acts during her thrice-weekly rounds when she came to his one-person cell in RPU to speak with him while he was naked. (ECF No. 9 at 4). He alleges she engaged in voyeurism when she gave "sexual eye contact" to his penis, despite him telling her that it was inappropriate for her to speak to a naked man. (ECF No. 9 at 4). Plaintiff alleges that she flirted with him by stating "I don't mind speaking with you" and "your [sic] very tall." Plaintiff alleges this constituted sexual harassment. (ECF No. 9 at 5). Plaintiff also alleges that he told her that he refused to talk or participate in the program, but she told him it was her job to check on him. Plaintiff alleges this constituted harassment, and she was doing it to disturb him during his court appeal. (ECF No. 9 at 6).

Plaintiff proceeds against Defendant Ramsey in her personal capacity for all claims. (ECF No. 9 at 4-6). He seeks compensatory and punitive damages. (ECF No. 9 at 7).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

---

[1] The Mental Health Residential Program Unit (RPU) is part of the ORCU Special Needs Unit. https://www.dfa.arkansas.gov/images/uploads/.../0480_correction2013.pdf. (last accessed June 12, 2018).
[2] The actual phrase used by Plaintiff was "vogerism." Based on the allegations following the term, the Court will interpret this as voyeurism.

frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff's allegations of voyeurism[3] and sexual harassment are frivolous. Sexual abuse or harassment of an inmate can violate the Eighth Amendment if the alleged abuse or harassment caused "pain" and, "as a subjective matter, . . . the prison official in question acted with a sufficiently culpable state of mind." *See Berry v. Oswalt*, 143 F.3d 1127, 1131-33 (8th Cir. 1998) (repeated non-routine pat-downs and subsequent rape of female inmate by male prison guard violated Eighth Amendment); *but see Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (consensual physical relationship between inmate and prison official did not cause pain, despite the official's supervisory status).

Plaintiff allegations provide no support for a claim of sexual harassment. Instead, his allegations indicate only that Defendant Ramsey came to his cell during her medical rounds and

---

[3] The Court will treat the voyeurism allegation as a form of sexual harassment.

3

attempted to engage him in conversation as part of her job as a psychologist. That Plaintiff happened to be naked in the cell, and told her he did not wish to talk or participate in "the program," does not support an inference that she either caused pain or acted with a sufficiently culpable state of mind.

To the extent Plaintiff's allegations could possibly be interpreted as a claim of verbal harassment, this claim is also frivolous. "Verbal threats are not constitutional violations cognizable under § 1983." *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin*, 780 F.2d at 1338-1339 (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985)(use of racially offensive language in dealing with a prisoner does not, by itself, state a claim). *Cf. Burton v. Livingston*, 791 F.2d 97, 100-101 (8th Cir. 1986) (A claim was stated where the prisoner alleged "that a prison guard, without provocation, and for the apparent purpose of retaliating against the prisoner's exercise of his rights in petitioning a federal court for redress, terrorized him with threats of death.").

Here, Plaintiff alleges only that Defendant Ramsey repeatedly checked on him during her rounds after he stated he did not wish to speak to anyone or participate in "the program" at RPU. Plaintiff's allegations, therefore, do not rise to the level of a threat or verbal harassment, let alone a constitutional violation.

## IV.  CONCLUSION

Accordingly, I recommend that Plaintiff's claims be DISMISSED WITH PREJUDICE.  I further recommend that the dismissal of this action constitute a "strike" under 28 U.S.C. § 1915(g), and the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **13th day of June 2018**.

/s**/** Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE